**Judith GIANNOTTI**

v.

**FOUNDRY CAFE, et al.**

**No. Civ. B 83–634(WWE).**

United States District Court,
D. Connecticut.

Feb. 10, 1984.

---

Margaret G. Dean, New Haven, Conn., for plaintiff.

L. Douglas Shrader, Zeldes, Needle & Cooper, P./C., Bridgeport, Conn., for defendants.

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR AFFIRMATIVE RELIEF

EGINTON, District Judge.

Plaintiff, Judith Giannotti, has filed the instant lawsuit alleging that she was terminated from her former position as bartender at defendant Foundry Cafe for reasons prohibited by 42 U.S.C. § 2000e *et seq.* and by Connecticut law. Specifically, plaintiff alleges that her termination was based upon unlawful sex discrimination. The complaint names as defendants the Foundry Cafe ("the Cafe") and three individuals associated with the Cafe: Ted Peatt, Wayne Peatt and Woody Peatt.

Defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56(b), arguing (1) that plaintiff's claim is barred by the 90 day statute of limitations in Title VII cases, and (2) that since plaintiff was replaced by another female, plaintiff is unable, as a matter of law, to state a *prima facie* case of sex discrimination.

In addition to the summary judgment motion, defendants have made a request for affirmative relief, including attorneys fees.

I.

■ Defendants' first argument in support of summary judgment is that the plaintiff's suit was not filed within the 90 day limitations period of 42 U.S.C. § 2000e–5. In general, this provision requires that

the Equal Employment Opportunity Commission ("EEOC"), when it dismisses a discrimination charge, notify the charging party of the dismissal. The charging party may then bring an action in federal court within ninety days of such notice by the EEOC.

The EEOC notice appended to the complaint in this case is stamped with the date of September 30, 1982. The instant lawsuit was filed almost one year later, on September 23, 1983. Accordingly, defendants assert that the complaint itself discloses its untimeliness, justifying summary judgment for the defendants.

A summary judgment motion can be an appropriate vehicle for presenting a statute of limitations argument. *See, e.g., DeLuca v. Atlantic Refining Co.*, 176 F.2d 421 (2d Cir.1949) (Hand, J.) However, as with all summary judgment motions, the burden is on the moving party initially to show the absence of any genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Unless the moving party (here the defendants) carries this burden, the party opposing summary judgment need not produce factual materials to supplement the well-pleaded allegations of her complaint. *Id.*

■ The defendants in this case have not made the requisite showing that no relevant factual issue exists. Defendants have not provided affidavits or other appropriate documents relating to the issue of timeliness; their argument looks solely to the date marked upon the EEOC notice appended to the complaint, and asserts that this, in and of itself, demonstrates untimeliness.

If the date upon the notice were the only item in plaintiff's pleadings referring to

timeliness, defendants' argument might have merit. However, the complaint specifically alleges that the EEOC notice attached to the complaint was issued on August 10, 1983. (Complaint, p. 2, ¶ 17). This date is within ninety days prior to the filing of the instant lawsuit. Drawing, as the court must at this stage, all inferences in favor of the party opposing summary judgment, this allegation states that the notice appended to the complaint was actually issued by the EEOC on a date different from that stamped upon the notice. This allegation is sufficient to raise a factual issue as to timeliness.[1] Since defendants have not challenged the allegations of the complaint by supplementing their motion for summary judgment with affidavits or other documentation on the timeliness issue, pursuant to Fed.R.Civ.P. 56(e), plaintiff's well-pleaded allegation of timeliness stands. See 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶¶ 56.11[1.1–2], [2], [3]; C. Wright, The Law of Federal Courts § 99, p. 667–668 (4th ed. 1983).

## II.

■ Defendants also argue that plaintiff has failed to state a *prima facie* case of sex discrimination, since she has failed to allege "that she was replaced, if at all, by a male." *Pippin v. United States Truck Co., Inc.*, 520 F.Supp. 144 (E.D.Mich.1981). Defendants assert that it is undisputed that plaintiff's position continued to be held by female employees after plaintiff was terminated. Defendants argue that this fact, as a matter of law, renders it impossible for plaintiff to establish sex discrimination.[2]

It may be correct that in most sex discrimination cases the discharged employee would be replaced by a person of the oppo-

---

1. Since defendants did not make the threshold showing of the absence of any material disputed fact as to timeliness, plaintiff was not technically obliged to proffer factual materials. The court notes, however, that plaintiff's papers in opposition to summary judgment amplify the allegations on this subject in the complaint. By affidavit and other appropriate form, the plaintiff asserts that she received one EEOC notice only, and received it shortly before the filing of this action.

2. Defendants' motion is in the nature of a motion to dismiss, since it attacks the legal sufficiency of the complaint. However, since defendants rely upon factual evidence outside of the pleadings, the motion is properly considered as one for summary judgment. Fed.R.Civ.P. 12(b)(6), Rule 56.

site sex. It would ordinarily appear irrational to fire one employee because she is a woman, and then proceed to hire another woman. However, the cases cited by defendants do not transform this common factual feature into an inviolable rule of law. To the contrary, the Supreme Court, even when enumerating the typical elements of a *prima facie* discrimination case, has noted that such lists do not apply to every set of facts. For example, in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972), on which defendants rely, the Court explicitly states:

> The facts necessarily will vary in Title VII cases, and the specification above of the *prima facie* proof required from respondent [in this case] is not necessarily applicable in every respect to differing factual situations.

*Id.* at 802, n. 3, 93 S.Ct. 1824, n. 3.

The gender of the employee who replaces a discharged Title VII plaintiff pertains to weight of evidence rather than to legal sufficiency. The sex of the replacement employee may provide indirect evidence of the motives for the plaintiff's discharge. Thus, if a male employee is replaced with a female employee, this may support his claim of unlawful sex discrimination. If a male employee is replaced with another male, this may undercut his claim. In either case, facts about any successor employee are merely one form of evidence going to the central question: the motive behind the plaintiff's discharge.

It may be that where no direct evidence of discriminatory motive is present, indirect evidence gleaned from the facts about plaintiff's replacement would be necessary in order to make out a *prima facie* case. However, in this case, the plaintiff has made allegations of fact, which, if proven, could constitute direct evidence of discriminatory intent. The complaint in Count I, ¶ 16 alleges that "Defendant Wayne Peatt told Plaintiff that for no legitimate reason, the Peatts did not want women bartenders

working on the weekend nights." This allegation, together with the other allegations of the complaint, is sufficient to plead a *prima facie* case of sex discrimination. No additional allegation relating to plaintiff's replacement is necessary on these facts.

### III.

▮ In addition to their motion for summary judgment, defendants have filed a request for affirmative relief. They invite this court to find that the plaintiff's cause of action is frivolous and without foundation, arguing that "the facts in the instant case clearly demonstrate that the plaintiff knows or should know that [her] allegations are groundless." Defendants further argue that "the court is compelled to dismiss the plaintiff's groundless complaint and to award reasonable attorney's fees."

Defendants' motion for summary judgment is DENIED, and since it follows that the court, at least at the complaint stage, does not find the action to be frivolous, the request for affirmative relief is DENIED, without prejudice to renewal at a later stage in the proceedings, if developments warrant.